### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CLINTON MCILRATH, and | ) | |
| SERENA MCILRATH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 12-1002-JAR-KMH |
| | ) | |
| CITY OF KINGMAN, KANSAS, | ) | |
| MARK HOLLOWAY, TRAVIS SOWERS, | ) | |
| and DAVID LUX, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This case was removed by Defendants on January 4, 2012, from Kingman County, Kansas District Court.  In the original petition that was filed *pro se* on December 27, 2011, Plaintiffs alleged claims on behalf of their minor child, M.T., surrounding his arrest and detention on October 18, 2010.  Plaintiffs moved for leave to amend the complaint on June 26, 2012 (Doc. 16), to assert claims on their own behalf, and withdraw the claims on behalf of their child.  Defendants filed a Motion for Judgment on the Pleadings (Doc. 17) under Fed. R. Civ. P. 12(c), arguing for dismissal of the original petition and for a finding that the proposed amended complaint is futile because it would be subject to dismissal.  Plaintiffs responded and filed another motion for leave to amend (Doc. 23), seeking to clarify their claims further and to amend the monetary damages requested in the prayer for relief.  These motions are now fully briefed and the Court is prepared to rule.  As described more fully below, the Court finds that Plaintiffs' original petition is subject to dismissal and that the proposed second amended complaint must be denied because the federal claims would be subject to dismissal under Rule 12(c).  Accordingly,

Defendants' motion for judgment on the pleadings is granted as to the federal claims; Plaintiffs' first motion for leave to amend is denied as moot, and Plaintiffs' second motion for leave to amend is denied as futile.  The Court declines to exercise jurisdiction over the remaining state law claim for intentional infliction of emotional distress and remands this case back to the Kingman County District Court.

## I.      Standards

### A.      Rule 12(c)

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6).[1]  To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[2]  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[4] but requires more than "a sheer possibility."[5]

The plausibility standard enunciated in *Bell Atlantic v. Twombly*,[6] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and

---

[1] *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.*

[6] *Twombly*, 550 U.S. 544 (2007).

2

conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[7] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[8]

The Supreme Court has explained the analysis as a two-step process.  For purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[9]  Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[10]  Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

### B.    Motion for Leave to Amend

Under Rule 15(a), leave to amend a complaint is freely given when justice so requires.[13]
A party is typically granted leave to amend under this rule unless there is "a showing of undue

---

[7]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[8]*Id.* (citing *Twombly*, 550 U.S. at 556).

[9]*Iqbal*, 556 U.S. at 678.

[10]*Id.* at 679.

[11]*Id.*

[12]*Id.* 678.

[13]Fed. R. Civ. P. 15(a)(2).

delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[14]  A proposed amendment is futile if the amended complaint would be subject to dismissal.[15]

## II.    Summary of Complaint and Proposed Amendments

Because Plaintiffs are *pro se* litigants, the court must construe their pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[16]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[17]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[18]  Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[19]

The following facts are alleged in the petition and proposed amendments and assumed to be true for purposes of deciding the instant motions.  On October 18, 2010, Kingman Police Officer Travis Sowers called Plaintiff Serena McIlrath ("Serena") and told her that her eleven-year-old son, M.T., had been arrested and was in custody for "at least" battery.  When Serena arrived at the police station, Officer Sowers informed her that an intake worker must arrive

---

[14]*Duncan v. Manager, Dept. of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[15]*Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[16]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[17]*Id.*

[18]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[19]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)(insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

before they could determine whether M.T. could return home with his parents.

Serena left and returned with her husband, Plaintiff Clinton McIlrath.  Officer Sowers told Plaintiffs that there were three victims involved in a three or four minute altercation, that the three victims had not been together and were all telling officers the same story, and commented on the marks on one of the victims' neck.  Plaintiffs agreed to allow police officers to question M.T. without an attorney.  Officer Sowers told Plaintiffs that Captain David Lux would assist with the interview, which was recorded.  The officers threatened M.T. during the interview with statements such as "you are going to 'kiddie prison' for kidnapping and rape," and "you will never see your parents again except through a glass window until you are 21."  Plaintiffs objected to these questions, but were motioned to be quiet by Captain Lux.  Defendant Sowers told M.T. that he would not be able to leave the youth facility until he had a court appearance and that he would go into foster care, "or worse."  The statements caused M.T. great distress and fear.

Eventually, the officers told Plaintiffs that M.T. would be charged with three counts of felony kidnapping, two counts of felony indecent liberties with a child, and three counts of battery.  When Plaintiffs expressed surprise at the kidnapping charges, Captain Lux found a dictionary and read to them the definition of kidnapping.  Though Plaintiffs pleaded that M.T. be allowed to return home, Captain Lux refused and proceeded to make an offensive comment about M.T. to them.  Officer Sowers told them that the mother of one of the victims was taking her child to the emergency room and made other malicious comments to Plaintiffs.

When the intake worker eventually arrived, she told Plaintiffs that the police must determine whether M.T. could return home.  Plaintiffs were extremely emotionally agitated by

this information because it contradicted what Officer Sowers told Serena when she arrived at the police station.

Officer Sowers and Captain Lux transported M.T. to Bob Johnson's Youth Facility. Before leaving, Defendants allowed Plaintiffs to say goodbye to M.T., who was trembling with fear.  Plaintiffs were scared for M.T.'s safety because of his age.  Plaintiffs were in a state of distress upon leaving the police station.

The next day, Plaintiffs contacted the County Attorney.  After reviewing the police report, the County Attorney's office called Plaintiffs and told them they could pick up M.T. at the youth facility.  Plaintiffs were emotionally agitated when they picked him up because there was confusion about M.T.'s release orders.  Plaintiffs were also fearful that police officers may arrest M.T. based on the felony charges filed against him, so Serena took off time from work to stay home with M.T.

Plaintiffs ultimately obtained the police reports in the case, including statements Defendants made during the interview that contradicted statements Defendants made to Plaintiffs about the underlying facts of the case.  M.T.'s version of these events also contradicted what the officers told Plaintiffs.  The charges against M.T. were reduced and then dismissed after M.T. agreed to complete community service and an anger management class.

The original petition alleges claims on behalf of M.T. for false arrest and false imprisonment against Defendants Sowers and Lux in their individual and official capacities, intentional infliction of emotional distress under State and Federal law against all Defendants in their individual and official capacities, and a claim under the Kansas Tort Claims Act against the City of Kingman ("City").  They requested $50,000 in damages.

In their proposed first and second amended complaints, Plaintiffs assert claims on their own behalf rather than on behalf of M.T.  They assert State and Federal claims for intentional infliction of emotional distress against all Defendants in their individual and official capacities, and a KTCA claim against the City.  In the proposed second amended complaint, Plaintiffs allege claims under 42 U.S.C. § 1983 based on violations of their Fourth and Ninth Amendment rights.

## III.   Discussion

### A.      Representative Claims

Defendants move for dismissal of the original petition because Plaintiffs submitted their claims *pro se* on behalf of their minor child.  It is clearly established law that a parent cannot bring suit on behalf of their minor child if they are not represented by an attorney.[20]  To the extent claims in the original petition are brought *pro se* as representatives of their minor child, they must be dismissed.

### B.      Direct Claims

Having determined that the claims made on behalf of M.T. in the original petition must be dismissed, the Court proceeds to determine whether Plaintiffs assert plausible claims for relief in their own right, or whether, as Defendants argue, the allegations, including the proposed amendments, are subject to dismissal.

### 1.      Claims under 42 U.S.C. § 1983

Plaintiffs label Count 1 in both proposed amended complaints as a claim for intentional infliction of emotional distress under both "Federal and State law."  But they include under this

---

[20]*Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).

7

heading allegations relevant to the state law tort claim as well as allegations in the proposed second amended complaint that Defendants violated their Fourth and Ninth Amendment rights. Plaintiffs cannot redress a violation of state law alone under § 1983; there must be an alleged violation of federal law.[21]  Under the liberal construction standard that applies to *pro se* pleadings, the Court will construe the proposed second amended complaint as alleging claims under 42 U.S.C. § 1983 for violations of Plaintiffs' Fourth and Ninth Amendment rights.

Plaintiffs explicitly withdrew the false arrest and false imprisonment claim that was alleged in the original petition.  Of course, such a claim based on the arrest and detention of M.T. would be foreclosed in this case because Plaintiffs lack standing to pursue such a claim.[22] Instead, Plaintiffs contend that their § 1983 claim is premised on their own seizure—that they did not feel free to leave the police station while their child was being interviewed.  Plaintiffs rely on the fact that their child was subjected to threats and that Captain Lux silenced them when they attempted to object to these threats, in order to establish that they were subjected to a Fourth Amendment seizure.

Not all interactions between police officers and citizens constitute seizures under the Fourth Amendment.[23]  A seizure occurs for purposes of the Fourth Amendment when an officer "by means of physical force or show of authority, terminates or restrains [a person's] freedom of movement, *through means intentionally applied*."[24]  In circumstances where the police officers'

---

[21]*Jones v. City & Cnty. of Denver, Colo.*, 854 F.2d 1206, 1207 (10th Cir. 1988); *Dunegan v. City of Council Grove, Kan. Water Dep't*, 77 F. Supp. 2d 1192, 1207 (D. Kan. 1999).

[22]*See, e.g.*, *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982) (explaining that a claim under § 1983 does not accrue to a relative).

[23]*See Florida v. Bostick*, 501 U.S. 429, 434 (1991).

[24]*Brendlin v. California*, 551 U.S. 249, 254 (2007) (quotations and citations omitted) (emphasis in original).

authority "takes the form of passive acquiescence, . . . a seizure occurs if in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."[25]  The Court finds that the facts alleged in the proposed amended complaints fail to give rise to a plausible claim that Plaintiffs' were subjected to a seizure under the Fourth Amendment.  Assuming the alleged facts to be true, Plaintiffs voluntarily appeared at the Kingman police station after being notified that their son had been arrested.  The facts also establish that Serena left for a period of time and returned, voluntarily, with Clinton.  There are no allegations that Plaintiffs were arrested, detained, or even interviewed.  The fact that Plaintiffs did not want to leave their child alone during the police interview is not sufficient to establish that they were not free to leave.[26]  There are no facts alleged that Plaintiffs were personally threatened, or that the police officers, through a show of authority, suggested they could not leave.  Therefore, the Court finds that Plaintiffs' factual allegations do not state a plausible claim that their Fourth Amendment rights were violated.

The proposed second amended complaint also alleges that Defendants violated Plaintiffs' Ninth Amendment rights based on their extreme and outrageous conduct.  The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."[27]  The Ninth Amendment is a rule

---

[25]*Id.* (quotations and citations omitted).

[26]*See P.C. v. Conn. Dep't of Children & Families*, 662 F. Supp. 2d 218, 232 (D. Conn. 2009); *Tenenbaum v. Williams*, 862 F. Supp. 962, 974 (E.D.N.Y. 1994) ("the Court is not aware—based on its own research and the submissions of counsel—of any federal decision which has held that a parent may legitimately assert an individual, as distinct from a representative, Fourth Amendment claim based upon the seizure of a child."), *affirmed in part and reversed in part on other grounds*, 193 F.3d 581 (2d Cir. 1999); *cf. Dohaish v. Tooley*, 670 F.2d 934, 937 (10th Cir. 1982) ("To be sure, as a practical matter, a father is closely related to the son and, thus, he feels the injury to a tremendous extent when his son suffers death.  However, he does not have a civil right to pursue such an action.").

[27]Const. amend. IX.

of construction, not an independent source of constitutional rights, so it cannot form the basis of a civil rights claim under § 1983.[28]  Accordingly, Plaintiffs' proposed § 1983 claim premised on a Ninth Amendment violation is futile.

### 2.      Supplemental Jurisdiction

Plaintiffs' remaining claim is brought under Kansas state tort law for intentional infliction of emotional distress, or outrage.  Under the removal statute, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[29]  Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction."[30]  The Court considers "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction."[31]  Defendants ask the Court to exercise supplemental jurisdiction and proceed to dismiss the state law claims and find the proposed amendments futile on the merits.  Plaintiffs ask that the case be remanded to state court.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

---

[28]*See Griswold v. Connecticut*, 381 U.S. 479, 492 (1965); *Onyiuke v. N.J. State Sup. Ct.*, 242 F. App'x 794, 794 (3d Cir. 2007); *Mays v. Wyandotte Cnty. Sheriff's Dep't*, No. 09-3127-SAC, 2009 WL 2485390, at *2 (Aug. 11, 2009).

[29]28 U.S.C. § 1447(c).

[30]28 U.S.C. § 1367(c)(3); *see Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based.").

[31]*Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir.1995) (quoting *Thatcher Enter. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

10

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[32]  "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[33]  Plaintiffs' remaining claim against these Defendants involves a matter of state law between non-diverse parties.  The state court is the appropriate forum for determining Defendants' arguments for dismissal of this claim: whether notice under the KTCA was sufficient, whether the statute of limitations bars Plaintiffs' claim, and whether Plaintiffs have alleged sufficient facts to establish the requisite elements of the cause of action.  This case is in the pleading stage, and no formal discovery has been done to date.  The Court finds that this is the usual case in which principles of judicial  economy, convenience, fairness, and comity all point in favor remanding the remaining Kansas law claim so that Plaintiffs may continue their action in state court.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Judgment on the Pleadings (Doc. 17) is **granted as to the federal claims**.  The Court declines to exercise supplemental jurisdiction over the remaining state law claim.  The case shall be remanded to the Kingman County, Kansas District Court pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that Plaintiffs first motion for leave to amend the complaint (Doc. 16) is denied as moot in light of the subsequently filed motion for leave to amend.  Plaintiffs' second motion for leave to amend (Doc. 23) is **denied as futile** to the extent it seeks to cure Plaintiffs' federal claims.

**IT IS SO ORDERED**.

---

[32] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

[33] *Thatcher Enters.*, 902 F.2d at 1478.

Dated: <u>September 24, 2012</u>

<u> S/ Julie A. Robinson </u>

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE
